Reese, J.
delivered the opinion of the court.
In the trial of this cause in the circuit court, it appeared in proof, that Harman P. Smith, had for more than seven years been in ac *165 tual possession of a portion of the land covered by his grant, but that he had not been for the period of seven years in actual possession of any part of the land which is covered by his grant, and, also, by the grant of plaintiff’s lessors. The grant of McCall is older than that of Smith, but the grantee and those claiming under him, had at no time, been in actual possession of any part of it. Upon this state of the facts, the circuit court charged the jury, “that if Smith had not been in actual possession of any part of the land included in McCall’s grant for seven years, though McCall had never been in actual possession of any part of his land, that Smith could not defend himself, under the statute of limitations.”
The legal correctness of this charge, is here called in question, by the plaintiff in error. The precise point was presented for consideration in the case of Talbot vs. McGavock, 1 Yer. Rep., and upon very full and elaborate discussion, was decided againt the bar of the statute under such circumstances. The late Nicholas P, Smith, Esq., an able lawyer, sat as special judge in the case, and he and Judge Catron concurred in the decision. Judge White, indeed dissented, and the very favorable estimate, which has always been justly placed upon his legal abilities, has probably induced the plaintiff to bring the question again under consideration. The principle decided in the case of Talbot vs. McGavock, has been adhered to ever since, a period of eleven years. But the case itself was not an innovation. Twenty years before that time, it had been determined, “that possession of land so as to produce a bar, must be an actual possession of some part in dispute; cultivation of part of the defendant’s claim, not within the bounds of the disputed part, is not sufficient to authorise the bar of the statute.” 1 Ten. Rep. 153. Judge Catron referring to the decision in 1 Ten. Rep., says, in the case of Talbot vs. McGavock, that he understood the bench and the bar, the legislature and the community, to have acquiesced, during the intermediate period of twenty years,, in that decision, as being the law, and a correct construction of the act of 1797, and he intimates that it ought not to be disturbed, even if doubts of its correctness had been entertained. It is not necessary after a discussion of the question so full and elaborate, as is to be found in the- case of Talbot vs. McGavock, to do more than refer to that case. With the grounds upon which it is there placed, we are entirely satisfied; it may safely rest upon them and they need *166 Hot fee justified, if, indeed they; could be, by any additional reasoning •of óurs. And further, if we- doubted, as we do not, the correctness of the judgment in that case, we should still yield to its authority. A greater evil can scarcely be. imagined, than a habitual fluctuation in judicial opinion, as to questions affecting the rights, and regulating the conduct of a whole community in relation to real property.' If the judicial history of Tennessee shall show, that our State, has not been at all times exempt from this evil, we may be pardoned, perhaps, for indulging the belief, that the last five years cannot be pointed to as the period of its .greatest prevalence-Let the judgment be affirmed.